UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| MOR MATY NDIAYE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:25-cv-00145-SCM |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SAM OLSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Mor Maty Ndiaye is a noncitizen who is detained pursuant to a final order of removal after he was convicted of several state crimes. But he cannot be removed to his country of origin, Senegal, because an immigration court found that he has a credible fear of being tortured there. So he is in detention awaiting removal to another country.

The Petitioner filed a Petition for a Writ of Habeas Corpus claiming that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, the Convention Against Torture, and the Administrative Procedure Act. [Dkt. 1 at 21–24]. But after he filed the Petition, the Department of Homeland Security reportedly took efforts to remove the Petitioner to an alternative country—Equatorial Guinea. [Dkt. 23 at 1]. In a subsequent immigration proceeding, the Petitioner moved to reopen his removal proceedings and for a stay of removal. [Dkt. 24 at 1]. The immigration judge granted the Petitioner's motion for a

stay of removal pending a ruling on the motion to reopen. [*Id.* at 2; Dkt. 24-1 at 2–3; Dkt. 27 at 1]. Although not entirely clear, it appears that the stay temporarily prohibits his removal to any country, not just Equatorial Guinea. [*See* Dkt. 24-1 at 2–3]. Thus, the Petitioner remains detained, and the question before the Court is whether the Petitioner's continued detention is unlawful. At this juncture, it does not appear that the Petitioner has satisfied his burden of proof on this point. But the matter is not entirely clear.

In *Zadvydas v. Davis*, the Supreme Court held that it is presumptively reasonable for the Government to detain for up to six months a noncitizen who was initially admitted to the country but has subsequently been ordered removed. 533 U.S. 678, 701 (2001). Beyond that six-month period, continued detention depends on the outcome of a burden-shifting analysis. *See id.* First, the detained noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If that burden is met, then "the Government must respond with evidence sufficient to rebut that showing." *Id.* Ultimately, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, there is evidence that the Petitioner was going to be removed in the near future, but the Petitioner convinced an immigration judge to stay his removal temporarily. While that temporary stay is pending, it is difficult for the Court to evaluate whether the Petitioner has met his initial burden of showing "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The

2

current barrier to the Petitioner's removal was raised by the Petitioner himself, and the immigration court could imminently lift the barrier to allow his removal to proceed as planned. But it is not clear how this situation will develop. Thus, at least at this juncture, it is unclear whether the Petitioner has met his burden to show that the length of his detention is unconstitutional. Accordingly, this Court finds it necessary to hold this matter in abeyance pending further development of the immigration court proceedings.

The Court being sufficiently advised, **IT IS ORDERED** as follows:

1)      Petitioner Mor Maty Ndiaye's Petition for a Writ of Habeas Corpus, [Dkt. 1], shall be held in abeyance until the immigration court lifts the stay of removal or enters any other order that would allow the Petitioner's removal to an alternative country, whether it be Equatorial Guinea or otherwise.

2)      **The parties must file a joint status report 30 days after the date of this Order and every 30 days thereafter.** The joint status reports should apprise this Court of the status of the proceedings before the immigration court and summarize any activities in that court since the last joint status report. **If the immigration court issues an order that would allow the Petitioner's removal to proceed, the parties must file a joint status report notifying this Court of that fact within seven days of the issuance of such an order.** Failure to timely comply with these requirements shall result in the matter being set for a status conference requiring the attendance of counsel.

Signed this 3rd day of March, 2026.



S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky